## Lee v. Commonwealth.

(Decided January 29, 1924.)

## Appeal from Allen Circuit Court.

1. Homicide—Instruction Submitting whether Defendant Shot and Wounded Another Held Erroneous, as Not Based on Evidence.— Where coindictee obtained shotgun to shoot another, and accused ran up with drawn chair to strike such other when he was struggling with coindictee, whereupon he let loose, and coindictee shot him, in prosecution of accused for shooting with intent to kill, court erred in directing the jury to find accused guilty, if it believed from the evidence beyond a reasonable doubt that accused willfully and maliciously, and not in his necessary or apparent self-defense, shot and wounded prosecuting witness.

2. Homicide—Instruction as to Aiding and Abetting Another in Wounding with Intent to Kill Held Erroneous, as Containing no Time Limit.—An instruction that, if accused did unlawfully, willfully, and maliciously aid, abet, encourage, advise, and counsel joint indictee to shoot another with intent to kill, to find him guilty, was erroneous, as having no time limit, and not embodying the words "then and there," or a similar expression, since, unless accused aided his coindictee in the shooting at the time and immediately before the shot was fired, he was not guilty.

W. R. GARDNER and ROBERT OLIVER for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

Appellant Lee and Will Frost were jointly indicted in the Allen circuit court for the crime of maliciously shooting and wounding Neel Brown with a shotgun, a deadly weapon, with intention to kill him but from which shooting and wounding he did not die. Appellant was tried first and convicted, his punishment being fixed at confinement in the state penitentiary for a period of three years. He appeals.

While several alleged errors are assigned for a reversal of the judgment, we think it necessary to consider only appellant's complaint of the instructions given by the court to the jury. While the evidence was not overwhelming it was sufficient in our judgment to carry the case to the jury and to sustain a conviction.

The evidence shows that appellant, Frost and Brown were under the influence of intoxicating liquors and had been engaged in a game of craps on Sunday morning. Brown won some money. A fight resulted, whereupon Frost obtained a shotgun with which to shoot Brown, but Brown ran with Frost in close pursuit. The two men scuffled over the gun, Brown holding the muzzle in a way so as to prevent Frost from shooting him. About this time appellant Lee ran up with a drawn chair, threatening to strike Brown, whereupon Brown let loose of the gun and started to run. As he turned the corner Frost shot him in the back.

While the indictment accused both Frost and Lee of firing the shot which wounded Brown, the evidence clearly shows that appellant Lee did not fire a shot.

The first instruction directed the jury if it believed from the evidence beyond a reasonable doubt that Lee wilfully and maliciously and not in his necessary or apparently necessary self-defense, shot and wounded Brown to find him guilty. This was error for there is no evidence to support such an instruction. On another trial this instruction will be omitted. The verdict of the jury reads: "We, the jury find the defendant guilty under the third instruction, and fix his penalty at three years in the penitentiary." The third instruction directed the jury if it found defendant guilty to fix his punishment at a fine of not less than fifty dollars nor more than five hundred ($500.00) dollars, or by confinement in the county jail not less than six months nor more than one year, either one or both, in the discretion of the jury.

The jury was not warranted under this instruction in fixing appellant's punishment at confinement in the penitentiary, and its verdict could not have been and was not based upon this instruction. We think, however, that the jury arrived at its verdict under instruction No. 2, which reads:

"No. 2. If the jury believe from the evidence to the exclusion of a reasonable doubt that Will Frost did unlawfully, wilfully and maliciously shoot and wound Neel Brown with a shotgun, a deadly weapon loaded with powder and ball or other hard substance, and with the intention of killing said Brown and that the said Lee did unlawfully, wilfully and maliciously aid, abet, encourage, advise and counsel the said Frost to shoot the said Brown then the jury will find the defendant guilty and fix his punishment at confinement in the penitentiary not less than one nor more than five years."

This instruction is defective in several respects. It has no time limit. Under it the jury was warranted in finding appellant guilty if it believed from the evidence that appellant at any time other than that at which Brown was shot, aided, abetted, encouraged, advised or counselled Frost to shoot Brown. The instruction should have embodied the words "then and there," or a similar expression, as limiting the aiding and abetting. Unless appellant had aided Frost in the shooting at the time and immediately before the shot was fired, he was not guilty.

After directing the jury that if it believed from the evidence beyond a reasonable doubt that Frost maliciously shot and wounded Brown with a deadly weapon with intention to kill him, the court should have further instructed the jury that if it believed from the evidence beyond a reasonable doubt that the appellant was then and there present and near enough to and did unlawfully, wilfully and maliciously aid, abet, encourage, advise and counsel Frost to shoot Brown, it should find him guilty. The aiding and abetting must have been at the time of or immediately before the shooting. Instruction No. 2 was prejudicially erroneous. See Hobson on Instructions, p. 988.

For the reasons indicated the judgment is reversed for a new trial not inconsistent with this opinion.

Judgment reversed.